Peter A. Quran, J.
Plaintiff moves for summary judgment. This action is on an unsatisfied judgment recovered against the corporation of which the defendants were officers. Recovery against these defendants is sought on an alleged violation of the provisions of section 15 of the Stock Corporation Law.
Plaintiff is a judgment creditor. It is admitted by the pleadings that in June, 1959 the judgment debtor corporation was insolvent and its insolvent condition known to its officers, the defendants herein. At that time a corporate chattel mortgage executed by the defendant Kitter as president of the corporation was delivered to the defendant Smith, a fellow officer, as security for an alleged antecedent indebtedness owing from the corporation to hinm The mortgage covered the bulk of the machinery and equjpnent used by the corporation in the conduct and operation of jETbusiness. Subsequently, in December, 1959, the corporation executed and delivered to the defendant Smith a bill of sale, reciting an alleged consideration, by which there was transferred to the defendant Smith the absolute title to the property covered by the chattel mortgage. At the time of the execution and delivery of the bill of sale, no present consideration was paid by the defendant Smith. The status of the plaintiff, in every respect, as a creditor qualified to bring this action is not in dispute.
The defendants, by their answer, deny only those allegations which set forth that the delivery of the bill of sale was made with intent on the part of the defendants to give a preference to the defendant Smith over the plaintiff and that each of the defendants knew of such intent. They further deny knowledge or information sufficient to form a belief that the chattel mortgage and bill of sale were transfers in violation of the Stock *306 Corporation Law and deny that the plaintiff has suffered damage.
Section 15 of the Stock Corporation Law provides in part: “No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash.”
Under these provisions of the statute, where the transfer is made to an officer, it is enough to allege and prove that the capital of the corporation is impaired by the transfer and the corporation is rendered insolvent; since the capital of a corporation in such straits is held for the protection of its creditors and is impressed with a trust in their behalf. If a preference results in these circumstances, intent is immaterial. So far as creditors are concerned, intent becomes material only when the claimed preference benefits other third-party creditors. Since the only issue attempted to he raised is the question of intent, which is not here material, there is no triable issue. The motion is granted and the Clerk is'directed to enter judgment in favor of the plaintiff and against the defendants, as demanded in the complaint.
(Reargument.)
Defendants’ motion for reargument and their application for vacatur of the judgment as entered are granted. The motion for leave to serve an amended answer is denied. Upon reargument, plaintiff’s motion for summary judgment is granted directing an assessment. Settle order.